IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC., DAVID BLANK, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:16-CV-00094-ALM |
| v. | § § § | |
| BRIAN MANOOKIAN, CUMMINS MANOOKIAN, PLC, THE DALLAS MORNING NEWS, INC, BRIAN CUMMINGS, MARK HAMMERVOLD, HAMMERVOLD, PLC, | § § § § § § | |
| Defendants. | | |

## ORDER

Pending before the Court are Plaintiffs Diamond Consortium, Inc. D/B/A The Diamond Doctor's and David Blank's (collectively "Plaintiffs") Motion for Order Quashing Subpoena Duces Tecum of Sunwest Communications ("Sunwest"), Andrew Stern, and Frederick Stern ("Motion to Quash") [Dkt. 33], Defendants Brian Manookian's ("Manookian"), Brian Cummings's ("Cummings"), and Cummings Manookian, PLC's ("Cummings Manookian") (collectively "Defendants") Response to Motion for Orders Quashing Subpoena Duces Tecum to Sunwest Communications, Inc., Andrew Stern, and Frederick Stern [Dkt. 45], Plaintiffs' Reply to Defendants' Response to Motion for Orders Quashing Subpoenas Duces Tecum to Sunwest Communications, Inc., Andrew Stern, and Frederick Stern [Dkt. 52], and Defendants' Sur-reply to Plaintiffs' Reply to Defendants' Response to Motion for Orders Quashing Subpoena Duces Tecum [Dkt. 60]. On July 5, 2016, United States District Judge Amos L. Mazzant referred the Motion to Quash to the undersigned for consideration and a determination or recommended

disposition pursuant to 28 U.S.C. § 636 [Dkt. 49].[1] A hearing was held on the Motion to Quash on October 14, 2016 [Dkt. 115]. After reviewing the Motion to Quash, all responsive pleadings or other relevant filings, and oral argument/representations at hearing, the Court finds that the Motion to Quash should be **DISMISSED**.

## BACKGROUND & ANALYSIS

On May 17, 2016, Defendants obtained from the United States District Court for the Eastern District of Texas subpoenas *duces tecum* requiring Sunwest, Andrew Stern (Chairman and CEO of Sunwest), and Frederick Stern (President of Sunwest) to produce documents and other information relating to the present case [Dkt. 33, Exs. 1-3]. Sunwest, Andrew Stern, and Frederick Stern are non-parties to the present action. *Id.* The subpoenas demand compliance in Dallas, Texas, which is located in the Northern District of Texas. *Id.* The subpoenas request production of the following:

> [1] All communications of any kind with Diamond Doctor, David Blank, or any of their representatives between January 1, 2015 and the present.
> [2] All documents and communications related to work performed for Diamond Doctor or David Blank between January 1, 2015 and the present.
> [3] Documents sufficient to identify all amounts paid to you by the Diamond Doctor or David Blank between January 1, 2015 and the present.

*Id.* Plaintiffs moved to quash the subpoenas on June 10, 2016, by and through the Motion to Quash, arguing that the Court should quash the subpoenas completely or, alternatively, "quashing so much of the subpoenas so as not to require the production of records showing or revealing privileged or confidential information" [Dkt. 33 at 1]. Defendants responded on June 24, 2016, seeking denial of the Motion to Quash [Dkt. 45 at 9-10]. On July 5, 2016, Plaintiffs

---

[1] Magistrate judges have authority to issue orders on non-dispositive matters related to Rule 45. *Cf. Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277-JAD-NJ, 2015 WL 4918065, at *2, *7 (D. Nev. Aug. 18, 2015) (granting motion to transfer subpoena-related motion under Rule 45); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("A motion to quash a subpoena in an action seeking relief other than production of the subpoenaed information is not normally a dispositive motion.").

filed their Reply to Defendants' Response, reurging their arguments and offering additional evidence in support of the Motion to Quash [Dkt. 52]. Defendants filed their Surreply to Plaintiffs' Reply on July 22, 2016 [Dkt. 60]. Neither party addressed in their briefing the Court's authority to adjudicate this subpoena-related dispute.

Federal Rule of Civil Procedure 45 governs discovery requests to non-parties made through subpoena. FED. R. CIV. P. 45; *see In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). Rule 45 delineates between the court that issued the subpoena (the "Issuing Court")—always "the court where the action is pending"—and "the court for the district in which compliance with the subpoena is required" (the "Compliance Court"). FED. R. CIV. P. 45(a)(2), (d)(3), (f); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) (citing *Tomelleri v. Zazzle, Inc.*, No. 13-cv-2576, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015)). Under Rule 45, the Compliance Court is responsible for matters relating to the enforcement of the subpoena, and those matters include motions to quash or modify a subpoena. FED. R. CIV. P. 45(d)(3). Indeed, the Compliance Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[,]" among other things, FED. R. CIV. P. 45(d)(3)(A), and it "may, on motion, quash or modify the subpoena if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information[,]" as well. FED. R. CIV. P. 45(d)(3)(B). The Issuing Court, on the other hand, has no authority under Rule 45 to address motions to quash unless (i) it also is the Compliance Court (where, for example, the subpoena requires compliance within the Issuing Court's district), or (ii) the Compliance Court transfers the motion to the Issuing Court for disposition. FED. R. CIV. P. 45(d)(3), (f); *see, e.g.*, *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 11117083, at *2 (E.D.

Tex. Mar. 27, 2015) ("The amended subpoena here at issue specifically directs that compliance is to take place at a location within the Southern District of Florida. It is therefore that court, not this one, that is authorized to address [the motion to quash]."). Although the prior version of Rule 45 gave the Issuing Court jurisdiction over motions to quash, under the amended version of Rule 45, the Issuing Court lacks jurisdiction to resolve such motions. Numerous courts have been confronted with this issue since the 2013 amendment, finding in each case that the Issuing Court has no authority, in the first instance, to rule on motions to quash or modify a subpoena where it is not also the Compliance Court:

> The rule further makes clear, however, that matters relating to the enforcement of the subpoena are to be directed to the court "for the district where compliance is required." Fed. R. Civ. P. 45(d). Those matters include includes the duty to address motions to quash or modify a subpoena, Fed. R. Civ. P. 45(d)(3), and the duty to address objections to a subpoena when the serving party moves the court for an order compelling production or inspection of documents. Fed. R. Civ. P. 45(d)(2)(B)(i). *See Ingeniador, LLC v. Adobe Sys. Inc.*, No. 2:12-cv-805, 2014 WL 105106, at *2 (E.D. Tex. Jan. 9, 2014); *Tomelleri v. Zazzle, Inc.*, No. 13-cv-2576, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) ("After the 2013 amendment [to Rule 45] ... subpoenas must be issued from the court where the action is pending, but the authority to quash or modify the subpoena remains with 'the court for the district where compliance is required.' ") (emphasis in original); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-3393, 2014 WL 6706873, at *1 (N.D. Cal. Nov. 25, 2014) ("The amended version of Rule 45 requires that subpoenas be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). Although the prior version of the Rule gave the issuing court jurisdiction over motions to quash subpoenas, see Fed. R. Civ. P. Rule 45(c)(3) (2012), the current version provides that 'the court for the district where compliance is required' has jurisdiction to quash or modify subpoenas, see Fed. R. Civ. P. 45(d)(3) (2014)."); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."); *Morawski v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014) ("As 'the court for the district where compliance is required,' this Court is the appropriate forum in which to move to quash the subpoenas.").

*Trover*, 2015 WL 11117083, at *1. Thus, even though "it is true that Rule 45(f) permits the [Compliance Court] to transfer a subpoena-related motion to the [I]ssuing [C]ourt if the person subject to the subpoena consents or if the [Compliance Court] finds exceptional circumstances, [the fact remains] the motion must [still] be filed in the first instance with the [Compliance Court.]" *Id.* at *2; *see SynQor, Inc. v. Vicor Corp.*, No. 3:14-mc-79-D-BN, 2014 WL 2519242, at *2 (N.D. Tex. June 3, 2014) (finding that Rule 45 provides only the Compliance Court the power in the first instance to determine whether to quash or modify a subpoena or else to transfer the motion to the Issuing Court); *see also Paso Del Norte Motors, LP v. Kia Motors of Am., Inc.*, No. 3:15-cv-2672-M, 2015 WL 4939948 at *1 (N.D. Tex. Aug. 19, 2015) (finding, where court in which the motion to compel and/or transfer was neither Issuing nor Compliance Court, that the court had no authority under either Rule 45 or 37 to rule on the motions).

Here, the subpoenas directed at Sunwest, Andrew Stern, and Frederick Stern issued (appropriately) from this Court. Nevertheless, these subpoenas require compliance in Dallas, Texas—in the Northern District of Texas. As a result, this Court lacks authority to quash or modify these subpoenas in the first instance. FED. R. CIV. P. 45; *see, e.g.*, *Trover*, 2015 WL 11117083, at *1.

It is, therefore, **ORDERED** that Plaintiffs' Motion for Order Quashing Subpoena Duces Tecum of Sunwest Communications ("Sunwest"), Andrew Stern, and Frederick Stern ("Motion to Quash") [Dkt. 33] is **DISMISSED** without prejudice to refile before the appropriate court.

    **IT IS SO ORDERED**.
    SIGNED this 25th day of October, 2016.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE