# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC., DAVID BLANK | § § § | |
| v. | § § | Civil Action No. 4:16-CV-00094 |
| | § | Judge Mazzant |
| BRIAN MANOOKIAN, CUMMINS MANOOKIAN, PLC, THE DALLAS MORNING NEWS, INC, BRIAN CUMMINGS, MARK HAMMERVOLD, HAMMERVOLD, PLC | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Brian Manookian, Brian Cummings, and Cummings Manookian, PLC's (collectively, "Defendants") Motion to Compel Third Party Production of Documents from The Dallas Morning News, Inc. ("Motion") (Dkt. #81). Having considered the relevant pleadings and argument of counsel, the Court finds that the Motion should be transferred to the Northern District of Texas, Dallas Division.

## BACKGROUND

On May 27, 2016, Defendants served a subpoena on The Dallas Morning News, Inc. ("DMN") requesting:

> Any and all records, documents, materials, and/or electronically stored information of any kind reflecting, regarding, related to, or identifying the identity of each online commenter to the Dallas Morning News story entitled "What's behind those Facebook posts, highway billboards slamming Dallas' Diamond Doctor" published May 19, 2016 by Cheryl Hall (including, but not limited to, information related to each commenter's: geo-location, IP address, internet service provider, profile, login information, email address, Facebook account, Twitter Account, Google Account, and/or Dallas Morning News Account).

The subpoena specifies that compliance is required in the Northern District of Texas, Dallas Division. On June 16, 2016, DMN served Defendants with its objections to the subpoena

pursuant to Federal Rule of Civil Procedure 45. On August 19, 2016, Defendants filed the Motion with the Court (Dkt. #81). On September 7, 2016, Plaintiffs' filed a response (Dkt. #93). On September 23, 2016, Defendants' filed a reply (Dkt. #105). DMN filed a response on November 8, 2016. The Court held a hearing regarding the Motion on November 16, 2016.

## LEGAL STANDARD

Matters relating to the enforcement of a subpoena are to be directed to the court "for the district where compliance is required." Fed. R. Civ. P. 45(d). Those matters include "the duty to address objections to a subpoena when the serving party moves the court for an order compelling production or inspection of documents". *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) (citing Fed. R. Civ. P. 45(d)(2)(B)(i)). "While it is true that Rule 45(f) permits the court in the district where compliance is required to transfer a subpoena-related motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances, the motion must be filed in the first instance with the court in the district where compliance is required." *Id.*

## ANALYSIS

Here, the subpoena specifically directs that compliance is to take place within the Northern District of Texas, Dallas Division. At the hearing regarding the Motion, DMN refused to consent to the Court's jurisdiction over the Motion, even though the Court noted the Northern District of Texas will likely transfer the Motion back to the Court. The Court therefore lacks authority to address Defendants' Motion at this time.

**CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion to Compel Third Party Production of Documents from The Dallas Morning News, Inc. (Dkt. #81) is hereby transferred to the Northern District of Texas, Dallas Division.

**SIGNED this 17th day of November, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE