# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK | § § § | |
| v. | § § | Civil Action No. 4:16-CV-00094<br>Judge Mazzant |
| BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; THE DALLAS MORNING NEWS, INC; BRIAN CUMMINGS; MARK HAMMERVOLD; HAMMERVOLD, PLC | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Varant Yegparian, Mark Hammervold, and Hammervold PLC's Motion for Withdrawal, Substitution of Counsel, and Designation of Lead Counsel (Dkt. #196). Having considered the pleadings and the argument of counsel, the Court finds the motion should be denied.

## BACKGROUND

Plaintiffs in this case allege that Defendants Brian Manookian ("Manookian"), Brian Cummings ("Cummings"), their law firm Cummings Manookian, Mark Hammervold ("Hammervold"), and his law firm Hammervold PLC engaged in a scheme to defame and defraud Plaintiffs. Manookian, Cummings, and Hammervold are all attorneys (collectively, the "Attorney Defendants"). On January 4, 2017, the Court granted Plaintiff's unopposed motion to clarify that the "Attorneys' Eyes Only" designation under the Court's protective order "specifically excludes any attorneys (including their associates, paralegals, legal assistants, secretarial and clerical employees) who are parties to the case, including but not limited to Brian Manookian, Brian Cummings, Cummings Manookian, PLC, Mark Hammervold, and Hammervold PLC." (Dkt. #153).

On April 25, 2017, Hammervold became admitted to practice in the Eastern District of Texas. Hammervold is the sole member of Hammervold PLC. Varant Yegparian ("Yegparian") represents Hammervold and Hammervold PLC in this matter. On April 25, 2017, Hammervold appeared in this matter as associate counsel for himself and Hammervold PLC (Dkt. #179). On May 2, 2017, Manookian and Cummings filed an application to appear pro hac vice in this matter. On May 9, 2017, Defendants filed an Emergency Motion to Modify Protective Order (Dkt. #188). The motion requested that the Court remove the protective order's "Attorneys' Eyes Only" designation because the Attorney Defendants appeared as counsel in the case and were entitled to fully participate in their own defense. On May 11, 2017, Plaintiffs filed a response objecting to the modification of the protective order and the Attorney Defendants' appearance in the case (Dkt. #189). Plaintiffs cited *U.S. v. Long*, 597 F.3d 720, 724 (5th Cir. 2010) to assert that the Attorney Defendants could not engage in hybrid representation and represent themselves while represented by counsel.

On May 12, 2017, Yegparian filed the pending motion for withdrawal. According to the motion, good cause exists for withdrawal because "Hammervold has instructed Counsel that there are not sufficient resources to pay Counsel's fee through trial." (Dkt. #196 at p. 3). The motion states Hammervold has a right to act as counsel on behalf of himself under 28 U.S.C. § 1654 (Dkt. #196 at p. 5). The motion further states that Hammervold, as a licensed attorney admitted to practice in the Eastern District of Texas, may appear for and represent Hammervold PLC (Dkt. #196 at p. 5).

On May 17, 2017, Plaintiffs filed a response to the motion (Dkt. #205). Plaintiffs argue that the motion for withdrawal "appears to be a tactical move to moot applicability of the law concerning hybrid representation . . . so that the Hammervold Defendants can obtain Discovery

2

Material designated as [Attorneys' Eyes Only]" in violation of the protective order (Dkt. #205 at pp. 2–3). Plaintiffs argue highly sensitive information about themselves and their business cannot be shared with the Attorney Defendants because they continue to harass and threaten Plaintiffs.

On May 19, 2017, the Court heard argument regarding the motion. Hammervold argued he did not have sufficient resources to pay Yegparian's fee through trial because his insurance policy would soon be depleted. Hammervold did not present evidence to the Court regarding the remaining balance of the policy and did not present evidence regarding his personal ability to pay Yegparian. The Court orally denied the motion to withdraw, but reserved the right to revisit the issue when the Court issued a decision. On May 22, 2017, Yegparian sent the Court a letter again asserting Hammervold's statutory right to proceed *pro se* (Dkt. #215).

## LEGAL STANDARD

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). An attorney seeking to withdraw bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See Mass Engineered Design, Inc. v. Spaceco Bus. Sols., Inc.*, No. 6:14-CV-411, 2016 WL 6883029, at *1 (E.D. Tex. Mar. 22, 2016). The Eastern District of Texas adopted the Texas Disciplinary Rules of Professional Conduct as a guideline for governing the obligations and responsibilities of attorneys appearing before the Court. *See* Local Rule AT-2. Rule 1.15(b) outlines six specific situations in which good cause would exist for withdrawing from representation of a client. *See* Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(1)–(6). One justification for attorney withdrawal is if "the client fails [to] substantially fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as

agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(5).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (citing *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). This requires the court to consider additional factors including whether the withdrawal will prejudice the other parties and harm the administration of justice. *Id.*

In federal court, "parties are guaranteed by statute the right to proceed *pro se.*" *Sprague v. Dep't of Family & Protective Servs.*, 547 F. App'x 507, 508 (5th Cir. 2013) (citing 28 U.S.C. § 1654). "This right, however, is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, pro se." *IntelliGender, LLC v. Soriano*, No. 2:10-CV-125-JRG, 2012 WL 1118820, at *2 (E.D. Tex. Apr. 3, 2012). "As fictional legal entities, corporations and partnerships cannot appear for themselves personally. Their only proper representative is a licensed attorney." *Id.* (citations omitted). *See also Nocula v. UGS Corp.,* 520 F.3d 719, 725 (7th Cir. 2008) ("Corporations cannot appear *pro se,* and one *pro se* litigant cannot represent another."); *see also Bentz v. Butler*, No. 14-CV-00996-NJR, 2015 WL 1361013, at *1 (S.D. Ill. Mar. 23, 2015) ("Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations.").

## ANALYSIS

Yegparian has not met his burden of proving the existence of good cause for withdrawal. In the pleadings and at the May 19, 2017 hearing, Yegparian argued that Hammervold's insurance

4

policy would soon be depleted but did not provide evidence of the remaining balance on the policy. Hammervold also did not provide evidence regarding his individual inability to pay Yegparian. Additionally, Yegparian did not demonstrate that his withdrawal would not prejudice the other parties and the administration of justice. Plaintiffs in this case allege that the Attorney Defendants engaged in a scheme to defraud Plaintiffs. Plaintiffs allege that the Attorney Defendants continue to harass and threaten Plaintiffs. The clarification in the protective order, which Defendants did not oppose, provides that the "Attorneys' Eyes Only" designation specifically excludes the Attorney Defendants. Yegparian did not sufficiently address how allowing one of the Attorney Defendants to appear as counsel and access Plaintiffs' highly sensitive and confidential information would not prejudice Plaintiffs.

Hammervold argues that because he is a licensed attorney, he may appear *pro se* and appear as an attorney for Hammervold PLC. However, "corporations cannot appear *pro se,* and one *pro se* litigant cannot represent another." *Nocula*, 520 F.3d at 725. Yegparian or another licensed attorney must represent Hammervold PLC. *IntelliGender, LLC*, 2012 WL 1118820, at *2; *see also Marin v. Gilberg*, No. CIVA V-07-62, 2008 WL 2770382, at *3 (S.D. Tex. July 11, 2008) (disqualifying an attorney from representing his law firm at trial where it was undisputed that the attorney was a necessary fact witness and would provide extensive testimony at trial).

Although Hammervold has a statutory right to appear *pro se*, a court may deny a civil litigant's right to appear *pro se* if the right is untimely asserted or would lead to hybrid representation. *See O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 867 (2d Cir. 1982) Hammervold is the sole member of Hammervold PLC. Hammervold and Hammervold PLC's aligning interests in the case would lead to hybrid representation. *See id.* at 868–69.

Further, although Hammervold timely asserted his right to appear *pro se* in advance of trial, the Court notes that Hammervold has been a party to the case since September 2016. Hammervold only asserted his right to self-representation after Plaintiffs objected to a modification of the protective order that would allow the Attorney Defendants to access Plaintiffs' highly confidential information.

## CONCLUSION

It is therefore **ORDERED** that the Motion for Withdrawal, Substitution of Counsel, and Designation of Lead Counsel (Dkt. #196) is hereby **DENIED.**

**SIGNED this 31st day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE