# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK | § § § | |
| | § | Civil Action No. 4:16-CV-00094 |
| v. | § | Judge Mazzant |
| | § | |
| BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; THE DALLAS MORNING NEWS, INC; BRIAN CUMMINGS; MARK HAMMERVOLD; HAMMERVOLD, PLC | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Brian Manookian and Brian Cummings's Notice of Attorney Appearance-Pro Hac Vice (Dkts. #183, #184) and Plaintiffs' Objections to Applications to Appear Pro Hac Vice of Attorney-Defendants Brian Manookian, Brian Cummings, and Mark Hammervold and, in the Alternative, Motion for Clarification (Dkt. #187).

## BACKGROUND

Defendant Brian Manookian ("Manookian") and Brian Cummings ("Cummings") are attorneys and defendants in this case. Manookian and Cummings are represented by counsel. On May 2, 2017, Manookian and Cummings entered a Notice of Attorney Appearance-Pro Hac Vice (Dkts. #183, #184). On May 9, Plaintiffs filed objections to Manookian and Cummings's notice of appearance (Dkt. #187). On May 18, 2017, Manookian and Cummings filed a response (Dkt. #206). On May 19, 2017, the Court held a hearing regarding the motions.

## LEGAL STANDARD

"An applicant for admission pro hac vice who is a member in good standing of a state bar may not be denied the privilege to appear except on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct

of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court." *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975). However, "there is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel." *United States v. Long*, 597 F.3d 720, 724 (5th Cir. 2010). *See also United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) ("The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by himself. The applicable federal statute, 28 U.S.C. s 1654, provides that 'parties may plead and conduct their own cases personally or by counsel . . . .' Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004) (holding that a civil litigant "has a right to represent himself or to be represented by an attorney, but he cannot have it both ways. There is no right to hybrid representation in the federal courts").

ABA Model Rule 3.7 provides "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." Texas Rule of Disciplinary Conduct 3.08(a) provides "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client."

## ANALYSIS

Plaintiffs object to Manookian and Cummings appearing pro hac vice because their appearance would result in hybrid representation and violate the disciplinary rules that indicate that lawyers that are necessary witnesses generally should not act as advocates at trial. Plaintiffs further allege that Manookian and Cummings lack the professional and moral character to appear before the Court. Manookian and Cummings respond that the Court may not deny them the

2

privilege to appear before the Court because they have not been guilty of unethical conduct to justify disbarment.

Although a Court may not deny an applicant admission pro hac vice unless the applicant engaged in conduct to justify disbarment, an applicant nonetheless may not appear before the Court to engage in hybrid representation. Manookian and Cummings are both represented by counsel. Manookian, Cummings, and their counsel may not act as co-counsel. *Long*, 597 F.3d at 724. Further, Manookian and Cummings are defendants in the case and will be necessary fact witnesses. Manookian and Cummings may not seek employment as advocates in the case knowing that they will be necessary to establish essential facts in the case.

## CONCLUSION

It is therefore **ORDERED** that Defendants Brian Manookian and Brian Cummings may not appear pro hac vice in this matter.

**SIGNED this 31st day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3