# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK | § § § | |
| | § | Civil Action No. 4:16-CV-00094 |
| v. | § | Judge Mazzant |
| | § | |
| BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; THE DALLAS MORNING NEWS, INC; BRIAN CUMMINGS; MARK HAMMERVOLD; HAMMERVOLD, PLC | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Emergency Motion to Modify Protective Order (Dkt. #188). After considering the pleadings and argument of counsel, the Court finds that the motion should be denied.

## BACKGROUND

On October 5, 2016, United States Magistrate Judge Christine A. Nowak entered a protective order in this case (Dkt. #128). The protective order permits parties to designate certain discovery material as "Attorneys' Eyes Only." On January 4, 2017, the Court granted Plaintiff's unopposed motion to clarify that reference to "Counsel" in the "Attorneys' Eyes Only" provision of the protective order "specifically excludes any attorneys (including their associates, paralegals, legal assistants, secretarial and clerical employees) who are parties to the case, including but not limited to Brian Manookian, Brian Cummings, Cummings Manookian, PLC, Mark Hammervold, and Hammervold PLC." (Dkt. #153).

On April 25, 2017, Defendant Mark Hammervold ("Hammervold") appeared in this matter as associate counsel for himself and Hammervold PLC (Dkt. #179). On May 2, 2017, Defendants Brian Manookian ("Manookian") and Brian Cummings ("Cummings") filed an application to

appear pro hac vice in this matter. On May 9, 2017, Defendants filed an Emergency Motion to Modify Protective Order (Dkt. #188). Defendants argue that the Court should remove the protective order's Attorneys' Eyes Only designation because Plaintiffs abused the designation and Defendants, as counsel of record in the case, are entitled to fully participate in their own defense. On May 11, 2017, Plaintiffs filed a response (Dkt. #193). Plaintiffs respond that highly sensitive information about themselves and their business cannot be shared with Defendants because they continue to harass and threaten Plaintiffs. Plaintiffs also respond that Defendants could not appear as co-counsel in the case because doing so would result in hybrid representation.

On May 19, 2017, the Court held a hearing regarding the motion. The Court orally denied Defendants' motion to modify the protective order.

## LEGAL STANDARD

Rule 26(c) empowers the court to enter a protective order for good cause to protect a party from, among other things, revealing certain commercially sensitive information. Fed. R. Civ. P. 26(c)(1)(G). "The court enjoys broad discretion in entering and modifying any such order." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008). "In deciding whether to modify a stipulated protective order at the behest of a party that originally agreed to the order for reasons related to the private interests of the parties to the action, the court considers four factors: (1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Id*. (internal citations and quotations omitted). If good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection. *United States v. Homeward Residential, Inc*., No. 4:12-CV-461, 2016 WL 279543, at *4 (E.D.

Tex. Jan. 22, 2016) (citing *In re Enron Corp. Sec., Derivative, & ERISA Litig*., 2009 WL 3247432, at *2 (S.D. Tex. Sept. 29, 2009)).

## ANALYSIS

The protective order at issue is a blanket order that "allows the parties to designate information as protected that they, in good faith, deem to be worthy of heightened secrecy." *Raytheon*, 2008 WL 4371679 at *2. Though blanket orders are moderately susceptible to modification, if the parties stipulated to the protective order, as in this case, that factor weighs against modification. *Id.*

Although Defendants stipulated to the protective order, Defendants argue that modification is appropriate because it was not foreseeable that Manookian and Cummings would enter an appearance in the case. However, the Court denied Manookian and Cummings's application to appear pro hac vice in the case. Manookian and Cummings's notice of appearance in the case thus does not warrant modification of the protective order.

The next factor, the reliance factor, "focuses on the extent to which the party opposing the modification relied on the protective order in deciding the manner in which documents would be produced in discovery." *Id*. at *3. Here, Plaintiffs allege Defendants engaged in a scheme to defame and defraud Plaintiffs. Plaintiffs also allege that Manookian and Cummings currently represent other jewelers. Plaintiffs argue that the protective order is necessary to prevent Manookian and Cummings from utilizing the confidential information to defame Plaintiffs and disclosing confidential information to other jewelers. The reliance factor thus weighs against modifying the protective order.

Finally, Defendants argue Plaintiffs have failed to show good cause for the protective order. Defendants argue the case does not involve litigation between competitors. Defendants also argue

Plaintiffs have abused the designation by postponing the deposition of a third party and designating the deposition as Attorneys' Eyes Only. Plaintiffs respond that counsel for the third party designated the deposition Attorneys' Eyes Only because "Defendants had waged a negative advertising campaign" against the third party and counsel for the third party wished to restrict Defendants' access to his client. Plaintiffs argued that Defendants have not yet deposed Plaintiffs or their former employees and Plaintiffs thus had not abused any Attorneys' Eyes Only designations.

The Court finds Plaintiffs established good cause for the protective order. Plaintiffs allege Defendants may utilize the confidential information to continue to defame and defraud Plaintiffs and may disclose confidential information to other jewelers. Defendants are represented by counsel who have full access to any Attorneys' Eyes Only documents. At the hearing, the Court noted that if Plaintiffs or Defendants believed counsel improperly designated a deposition Attorneys' Eyes Only, the parties may contact the Court and have the issue resolved prior to or during the deposition.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Emergency Motion to Modify Protective Order (Dkt. #188) is hereby **DENIED.**

SIGNED this 31st day of May, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE