# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK <br><br> v. <br><br> BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; THE DALLAS MORNING NEWS, INC; BRIAN CUMMINGS; MARK HAMMERVOLD; HAMMERVOLD, PLC | Civil Action No. 4:16-CV-00094 <br><br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

On May 19, 2017, the Court held a hearing regarding several discovery disputes. The Court took under advisement Plaintiffs' request to depose James Rice ("Rice") and James Pepe ("Pepe"). Rice and Pepe are two of Defendant Cummings Manookian's paralegals. After considering the argument of counsel, the Court finds that Plaintiffs may depose Rice and Pepe regarding the websites, advertisements and protests Defendants allegedly created and organized to harm Plaintiff. Plaintiffs may not depose Rice and Pepe regarding any materials created in anticipation of litigation or in rendering legal advice.

## LEGAL STANDARD

"The attorney–client privilege relates to communications made to a member of the bar or subordinate, in confidence, for the purpose of securing legal advice, assistance, or representation." *Perkins v. Gregg Cty., Tex.*, 891 F. Supp. 361, 363 (E.D. Tex. 1995). The burden of establishing the privilege rests on the party invoking it. *Id.* The work–product privilege protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Rule 30(a) provides that a party may "depose

any person, including a party" with leave of court if the parties have not stipulated to the deposition. Fed. R. Civ. P. 30(a)(2)(A).

## ANALYSIS

Defendants argue that Plaintiffs may not depose Rice and Pepe because their testimony is privileged. Defendants state the attorney–client and work–product privilege protect any testimony Plaintiffs may elicit from the paralegals because they only performed work at Defendants' direction and in anticipation of litigation. Plaintiffs contend that Rice and Pepe have relevant knowledge about issues not protected from discovery. Plaintiffs contend that Rice and Pepe may have knowledge about websites and advertisements Defendants allegedly created to defame Plaintiffs and protests Defendants allegedly organized against Plaintiffs.

The Federal Rules of Civil Procedure do not specifically prohibit deposing an opposing party's paralegals. *See Hughes v. Sears, Roebuck & Co.*, No. 2:09-CV-93, 2011 WL 2671230, at *5 (N.D.W. Va. July 7, 2011) (citing Fed. R. Civ. P. 30(a)). "Communications with a paralegal are only protected inasmuch as they are for the purpose of obtaining legal advice from an attorney or to assist an attorney to formulate and render legal advice to a client." *Cambs v. Am. Express Co., Inc.*, No. CV 15-428, 2016 WL 4735022, at *3 (E.D. Pa. Sept. 12, 2016) (citing *HPD Labs., Inc. v. Clorox Co.*, 202 F.R.D. 410, 415 (D.N.J. 2001).

Here, Plaintiffs allege Defendants created public websites and advertisements accusing Plaintiffs of cheating customers and selling over graded diamonds. Plaintiffs allege Rice and Pepe may have knowledge about the creation of these allegedly negative websites and advertisements. Defendants generally respond that any work Rice and Pepe completed was in anticipation of litigation or at the direction of attorneys. Defendants do not explain how the attorney–client and work–product privilege apply to public websites and advertisements that were not for the purpose

of obtaining or rendering legal advice. Defendants thus have not met their burden of showing an applicable privilege for the categories of information Plaintiffs seek from Rice and Pepe.

Defendants further argue Plaintiffs have not demonstrated a substantial need for any information Rice and Pepe may have and argue Plaintiffs may obtain relevant information from Manookian and Cummings. However, as stated above, Plaintiffs seek to depose Rice and Pepe about the creation of public websites and protests that do not implicate work product. Plaintiffs thus do not have to demonstrate a substantial need for this information. *See Hughes*, 2011 WL 2671230, at *5 (holding that a party did not have to establish substantial need to depose the opposing party's paralegals because the paralegals were not part of the trial or litigation counsel of record).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs may depose Rice and Pepe regarding the creation of allegedly negative websites, advertisements and protests. The Court will not permit Plaintiffs to elicit from Rice or Pepe any litigation strategy or information protected by attorney–client privilege or work–product doctrine in this case or any other matter.

**SIGNED this 31st day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE