**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **THE DIAMOND CONSORTIUM, INC.** | § | |
| **D/B/A THE DIAMOND DOCTOR, and** | § | |
| **DAVID BLANK** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | |
| | § | |
| **BRIAN MANOOKIAN, BRIAN** | § | **Civil Action No. 4:16-CV-94** |
| **CUMMINGS, CUMMINGS** | § | |
| **MANOOKIAN, PLC, MARK** | § | |
| **HAMMERVOLD, and** | § | |
| **HAMMERVOLD, PLC** | § | |
| | § | |
| *Defendants,* | § | |

_____

**PLAINTIFFS' RESPONSE TO DEFENDANTS MARK HAMMERVOLD AND**
**HAMMERVOLD PLC'S CONSOLIDATED MOTION FOR STAY**
_____

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE**:

Plaintiffs The Diamond Consortium, Inc. d/b/a the Diamond Doctor and David Blank
("Plaintiffs") file this Response to Defendants Mark Hammervold and Hammervold PLC's
Consolidated Motion for Stay (*see* Dkt. #231).

In their motion, Defendants Mark Hammervold and Hammervold PLC ("the Hammervold
Defendants") ask this Court to stay the underlying proceedings in light of their recent interlocutory
appeal of two rulings: (1) the Court's denial of their motion to dismiss pursuant to the Chapter 27
of the Texas Civil Practices and Remedies Code, the Texas anti-SLAPP statute ("TCPA") and

other grounds; and (2) the Court's denial of their counsel's motion to withdraw and Mark Hammervold's motion to proceed *pro se*.

Plaintiffs oppose any stay of the underlying proceedings based on the Hammervold Defendants' appeal of the Court's ruling on the motion to withdraw as counsel and for Hammervold to proceed *pro se*. The matter was fully briefed and the Court held a hearing and considered testimony before denying the request. The Hammervold Defendants are being adequately represented by retained counsel, their policy has not yet been exhausted, and they will suffer no prejudice if the case proceeds while their appeal is pending. Although the cases cited by the Hammervold Defendants clearly indicate how the Court of Appeals can exercise jurisdiction over their interlocutory appeal, they are silent as to the need for a stay. *See Lavine v. Bank of America, N.A.,* 672 Fed. Appx. 453, 2017 WL 34480 (per curiam) (5th Cir. 2017); *Prewitt v. City of Greenville, Miss.,* 161 F.3d 296, 298 (5th Cir. 1998). The Hammervold Defendants' request to proceed *pro se* – made for the first time within months of the current trial setting – is not sufficient to warrant a stay of all proceedings.

Next, Plaintiffs turn to the Hammervold Defendants' appeal of this Court's denial of their motion to dismiss based on, among other grounds, the TCPA. Although Plaintiffs dispute the Hammervold Defendants' characterization of Plaintiffs' claims against them and although Plaintiffs believe this Court correctly ruled on the Hammervold Defendants' motion to dismiss, Plaintiffs do not dispute that the denial of a motion to dismiss brought under the TCPA is immediately appealable. *See NDCR L.L.C. v. Mauze & Bagby,* 745 F.3d 742, 752 (5th Cir. 2014); *Cuba v. Pylant,* 814 F.3d 701, 708 (5th Cir. 2016). Plaintiffs also concede that the Texas Civil Practices and Remedies Code provides that the filing of an appeal on the denial of a motion to

dismiss brought pursuant to the TCPA immediately stays "all other proceedings in the trial court pending resolution of that appeal." TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(12),(b).

As indicated at the telephonic hearing before the Court on June 6, 2017, in light of the Fifth Circuit authority addressing the right to an interlocutory appeal under the TCPA and the plain statutory language of Chapter 51 of the Texas Civil Practices and Remedies Code, it appears that the right to an automatic stay is substantive and therefore mandatory.  The applicability of Chapter 51 raises concerns about the impact of the fee-shifting provisions under the and whether any actions taken in the district court during the pendency of the appeal would be void or would require duplication if the Hammervold Defendants' exercise their right not to participate in the case until the appeal is resolved.  As such, Plaintiffs cannot object to the stay based on the denial of the TCPA motion to dismiss.

Given the upcoming trial date and age of the case, however, Plaintiffs would oppose any stay that is discretionary in nature and would ask that the Hammervold Defendants' motion be denied as to any stay that is not an automatic matter of right.

Respectfully submitted,

**STECKLER GRESHAM COCHRAN**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
Stuart Cochran
Texas Bar No. 24027936
Stefani S. Eisenstat
Texas Bar No. 00788417
12720 Hillcrest Road – Suite 1045
Dallas, TX  75230
Telephone:  972-387-4040
Facsimile:  972-387-4041

3

bruce@stecklerlaw.com
stuart@stecklerlaw.com
stefani@stecklerlaw.com

**JOHNSTON TOBEY BARUCH, P.C.**
Randy Johnston
State Bar No. 10834400
3308 Oak Grove Avenue
Dallas, TX 75204
Telephone:  214-741-6260
Facsimile:  214-741-6248
randy@jtlaw.com

**SANDERS, O'HANLON, MOTLEY, YOUNG, &
GALLARDO, PLLC**
Roger Sanders
State Bar No. 17604700
111 S. Travis Street
Sherman, TX 75090
Telephone:  903-892-9133
Facsimile:  903-892-4302
rsanders@somlaw.net

**SETTLEPOU**
Braden M. Wayne
State Bar No. 24075247
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219
Telephone:  214-520-3300
Facsimile:  214-526-4145
bwayne@settlepou.com

**FEE, SMITH, SHARP & VITULLO, LLP**
Thomas W. Fee
State Bar No. 06873160
Howard J. Klatsky
State Bar No. 00786024
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:  972-934-9100

4

Facsimile:  972-934-9200
tfee@feesmith.com
hklatsky@feesmith.com

**ATTORNEYS FOR PLAINTIFFS THE DIAMOND
CONSORTIUM, INC. D/B/A THE DIAMOND
DOCTOR, AND DAVID BLANK**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 16, 2017, a true and correct copy of the foregoing

was served upon all counsel of record via the Court's ECF system.

*/s/ Bruce W. Steckler*
Bruce W. Steckler

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the parties have conferred and counsel for Defendants are

opposed to the relief requested herein.

*/s/ Bruce W. Steckler*
Bruce W. Steckler