# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK | § § § | |
| | § | Civil Action No. 4:16-CV-00094 |
| v. | § | Judge Mazzant |
| | § | |
| BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; BRIAN CUMMINGS; MARK HAMMERVOLD; HAMMERVOLD, PLC | § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Mark Hammervold and Hammervold PLC's Motion for Declaration re: His Right to Commit to Restrict Himself from the Allegedly Actionable Conduct Through Settlement (Dkt. #182). Having considered the pleadings the Court finds the motion should be denied as moot.

## BACKGROUND

On November 9, 2016, Defendants Mark Hammervold and Hammervold PLC (the "Hammervold Defendants") filed an Amended Motion to Dismiss (Dkt. #137). On April 26, 2017, the Court issued a Memorandum Opinion and Order denying the Amended Motion to Dismiss (Dkt. #180).

On April 27, 2017, Defendants Mark Hammervold and Hammervold PLC (the "Hammervold Defendants") filed a motion asking the Court to declare that Hammervold "has the right to commit to no longer accept future representation of clients against Plaintiffs in a settlement of this case, notwithstanding Tex. Disciplinary R. Prof. Conduct § 5.06, and its Tennessee, Illinois and Florida equivalents" (Dkt. #182 at p. 1). Hammervold argued that Plaintiffs indicated they

"would only settle if Hammervold agreed to not accept any future cases against Plaintiffs." (Dkt. #182 at p. 2). On May 9, 2017, Plaintiffs filed a response (Dkt. #189).

**LEGAL STANDARD**

The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-241 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

## ANALYSIS

Plaintiffs argue the relief the Hammervold Defendants seek is not a justiciable controversy (Dkt. #189 at p. 2). Plaintiffs state that Plaintiffs' former, and now withdrawn, counsel made the settlement offer and "it does not reflect any statements made by Plaintiffs' current counsel . . . or any current settlement demands or negotiations in this case." (Dkt. #189 at p. 2). Plaintiffs state they "have never proposed–nor do they agree or otherwise condone–that any party or counsel in this case should knowingly violate any rule of professional conduct or other law in order to resolve this suit." (Dkt. #189 at p. 3). Plaintiffs argue the relief requested "is premised solely on hypothetical facts which the Hammervold Defendants believe may arise during settlement negotiations" (Dkt. #189 at p. 2). The Court agrees, and finds the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Mark Hammervold and Hammervold PLC's Motion for Declaration re: His Right to Commit to Restrict Himself from the Allegedly Actionable Conduct Through Settlement (Dkt. #182) is hereby **DENIED AS MOOT**.

**SIGNED this 27th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE