# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK | § § § § § § § § § § § | |
| | | Civil Action No. 4:16-CV-00094 |
| v. | | Judge Mazzant |
| BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; BRIAN CUMMINGS; MARK HAMMERVOLD; HAMMERVOLD, PLC | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Mark Hammervold and Hammervold PLC's Consolidated Motion for Stay (Dkt. #231) and Defendants Brian Manookian, Brian Cummings, and Cummings Manookian, PLC's Motion to Sever (Dkt. #252). Having considered the pleadings, the Court finds that the Motion to Sever (Dkt. #252) should be **GRANTED**. Upon severing the claims against Mark Hammervold and Hammervold PLC, Mark Hammervold and Hammervold PLC's Consolidated Motion for Stay (Dkt. #231) shall be **GRANTED** and the separate cause of action against Mark Hammervold and Hammervold, PLC shall be **STAYED** pending the resolution of their interlocutory appeal.

### BACKGROUND

On November 9, 2016, Defendants Mark Hammervold and Hammervold PLC (the "Hammervold Defendants") filed an Amended Motion to Dismiss (Dkt. #137). On December 9, 2016, Plaintiffs filed a response (Dkt. #147). On April 26, 2017, the Court issued a Memorandum Opinion and Order denying the Amended Motion to Dismiss (Dkt. #180). On May 25, 2017, the

Hammervold Defendants filed a Notice of Appeal from the Court's Memorandum Opinion and Order (Dkt. #219).

On May 12, 2017, the Hammervold Defendants filed an opposed Motion for Withdrawal, Substitution of Counsel, and Designation of Lead Counsel (Dkt. #196). On May 31, 2017, the Court denied the motion (Dkt. #224). On June 6, 2017, the Hammervold Defendants filed a Notice of Appeal from the Court's Memorandum Opinion and Order (Dkt. #230). Trial in this matter is specially set to begin on August 15, 2017.

On June 6, 2017, the Hammervold Defendants filed a Consolidated Motion for Stay (Dkt. #231). The Hammervold Defendants noted that under the Texas Civil Practices and Remedies Code, the filing of an appeal on the denial of a motion to dismiss pursuant to the Texas Citizen's Participation Act ("TCPA") immediately stays the underlying lawsuit. Tex. Civ. Prac. & Rem. Code §§ 51.014(a), (b). On June 16, 2017, Plaintiffs filed a response (Dkt. #250). Plaintiffs did not oppose the stay based on the denial of the TCPA motion to dismiss, stating that under the language of the TCPA "it appears that the right to an automatic stay is substantive and therefore mandatory" (Dkt. #250 at p. 3). On June 20, 2017, Defendants Brian Manookian, Brian Cummings, and Cummings Manookian, PLC's (the "Manookian Defendants") filed a response to the Hammervold Defendants' consolidated motion for stay or, in the alternative, a motion to sever (Dkt. #252). The Manookian Defendants argued a stay pursuant to the TCPA was a state procedural rule and did not mandate a stay in this federal case (Dkt. #252 at p. 2). The Manookian defendants further argued that the Hammervold Defendants waived any right to request a stay (Dkt. #252 at p. 2). The Manookian Defendants requested that if the Court decided to grant the stay, the Court sever the claims against the Hammervold Defendants so the Manookian Defendants may try their claims in August 2017 (Dkt. #252 at p. 2).

## LEGAL STANDARD

The Fifth Circuit has not ruled on whether "under the *Erie* doctrine, the array of state procedural rules surrounding anti-SLAPP motions to dismiss (*viz.* discovery stays, accelerated timetables for decision, and the like) follow the core anti-SLAPP motion to dismiss into federal court." *Cuba v. Pylant*, 814 F.3d 701, 707 n. 6 (5th Cir. 2016). However, the Fifth Circuit has noted that the TCPA protects "not simply the right to avoid ultimate liability in a SLAPP case, but rather is the right to avoid trial in the first instance." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 751 (5th Cir. 2014).

Rule 21 of the Federal Rules of Civil Procedure establishes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and "[t]he court may sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Trial courts have broad discretion to sever issues to be tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). But courts will refuse to sever claims if "the court believes that it only will result in delay, inconvenience, or added expense." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014).

Severance under Rule 21 creates "two separate actions or suits where previously there was but one." *U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). When a single claim is severed, it proceeds as a "discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting actions." *Id.*

## ANALYSIS

The Fifth Circuit has not ruled on whether a stay pursuant to the TCPA is applicable in federal court. The Court therefore will not rule on this issue. The Court notes that the under the

3

TCPA, the Hammervold Defendants have a "right to avoid trial in the first instance." *NCDR, L.L.C.*, 745 F.3d at 751. The Court further notes that Plaintiffs are not opposed to a stay and the Manookian Defendants do not oppose a stay if the Court severs the claims against the Hammervold Defendants. The Court will therefore sever the claims against the Hammervold Defendants and stay the separate cause of action against the Hammervold Defendants. The claims against the Manookian Defendants will proceed to trial.

## CONCLUSION

The Court hereby **SEVERS** the claims against Mark Hammervold and Hammervold, PLC into a separate cause of action. The separate cause of action against Mark Hammervold and Hammervold, PLC shall be **STAYED** pending the resolution of their interlocutory appeal. The claims pertaining to Brian Manookian, Brian Cummings, and Cummings Manookian, PLC shall proceed to trial on August 15, 2017.

**SIGNED this 27th day of June, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE