# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK | § § § | |
| v. | § § § | Civil Action No. 4:16-CV-00094 |
| BRIAN MANOOKIAN; CUMMINGS MANOOKIAN, PLC; BRIAN CUMMINGS | § § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike the Expert Designation of Martin Rapaport (Dkt. #246). Having considered the pleadings, the Court finds the motion should be denied.

## BACKGROUND

On February 3, 2017, Defendants Brian Manookain ("Manookian"), Brian Cummings ("Cummings"), and Cummings Manookian, PLC served their First Amended Expert Disclosure (the "Amended Disclosure") (Dkt. #246, Exhibit 1). The Amended Disclosure designates Martin Rapaport ("Rapaport") as an expert witness as follows:

> Mr. Rapaport is a non-retained expert on matters concerning the diamond industry, specifically diamond grading standards and practices. Mr. Rapaport has expert knowledge of the different grading laboratories and their practices, namely EGL-I and GIA, which form the basis of the underlying claims between Defendants and Plaintiffs. Mr. Rapaport, should he be called to testify at trial, will be expected to testify regarding the matters set forth in his article "Honest Grading" published in November 2014."

(Dkt. #246, Exhibit 1 at pp. 5–6). Plaintiffs argue Rapaport should not be treated as a non-retained expert in this case, and even if he could, his expert designation does not comply with Federal Rule of Civil Procedure 26(a)(2)(C).

On June 9, 2017, Plaintiffs filed the pending Motion to Strike the Expert Designation of Martin Rapaport (Dkt. #246). On June 23, 2017, Defendants filed a response (Dkt. #259). On June 30, 2017, Plaintiffs filed a reply (Dkt. #275).

**LEGAL STANDARD**

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91.

Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony." Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosure requirements for other expert witnesses, mandating that the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(B). "Courts require a party seeking to avoid producing a full expert report to show the

proposed expert is not required to submit a report." *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2014 WL 3744976, at *7 (N.D. Tex. July 30, 2014).

## ANALYSIS

### *Retained or Non-Retained Expert*

Plaintiffs contend the Court should treat Rapaport as a retained or specially employed expert under Rule 26(a)(2)(B) because he does not have first–hand knowledge of any of the specific events giving rise to this matter. Plaintiffs state that as a Rule 26(a)(2)(B) expert, Rapaport was required to submit a written expert report. Defendants respond that Rapaport is a non-retained expert under Rule 26(a)(2)(C). Defendants state they do not have a compensation agreement with Rapaport and Rapaport did not form his opinions regarding diamond grading in anticipation of litigation, but in the course of his ordinary employment and professional training (Dkt. #259 at p. 7). The Court finds Rapaport should have been designated as a specially employed expert under Rule 26(a)(2)(B).

"The distinction between retained and non-retained experts should be interpreted in a common sense manner." *DiSalvatore v. Foretravel, Inc*., No. 9:14-CV-00150-KFG, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016) (citations omitted). "A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, is recruited to provide expert opinion testimony." *Id.* A witness is "specially employed" under Rule 26(a)(2)(B) when "he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers." *Tolan v. Cotton*, No. CIV.A. H-09-1324, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015).

"Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness." *LaShip, L.L.C. v. Hayward Baker, Inc*., No. 15-30816, 2017 WL 829503, at *6 (5th Cir. Mar. 1, 2017). A

3

non-retained expert's testimony under Rule 26(a)(2)(C) "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *DiSalvatore*, 2016 WL 7742996 at 2; *See also Eagle Oil*, No. 7:12-CV-00133-O, 2014 WL 3744976, at *8 (N.D. Tex. July 30, 2014) (holding that an expert should have been designated as a retained expert required to submit a written report because the expert was not a healthcare professional, an employee of a party, or individual with first-hand knowledge of the issues in the litigation); *Skyeward Bound Ranch v. City of San Antonio*, No. SA-10-CV-0316 XR, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011) (stating that "requiring less of an expert who is not retained or specially employed is logical because that type of witness usually has firsthand factual knowledge about the case").

Defendants have not met their burden of demonstrating Rapaport is a non-retained expert under Rule 26(a)(2)(C) who is not required to submit a written report. Rapaport does not have ground-level involvement in the events giving rise to the litigation. Defendants themselves state that his expert opinion is based on his ordinary employment and professional training (Dkt. #259 at p. 7). Although Defendants do not have any compensation agreement with Rapaport, *see* Dkt. #259 at p. 6, he nonetheless qualifies as a witness "specially employed" under Rule 26(a)(2)(B) because "he has no personal involvement in facts giving rise to the litigation." *See Tolan*, 2015 WL 5332171, at *1. Although Rapaport did not form his opinions in anticipation of litigation, Defendants recruited him to provide expert opinion testimony in this case. Defendants were therefore required to disclose a written report complying with the requirements of Rule 26(a)(2)(B).

*Whether the Expert Witness Should be Excluded*

Plaintiffs argue the Court should strike Rapaport's expert disclosure because he did not submit a written report in accordance with Rule 26(a)(2)(B).

"Under Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or harmless." *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 WL 11072132, at *2 (E.D. Tex. Oct. 19, 2015) (citations omitted). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* When evaluating whether a violation of Rule 26 is harmless for purposes of Rule 37(c)(1), the court looks to four factors: (1) the explanation for the failure to disclose; (2) the importance of the testimony or evidence; (3) potential prejudice to the opposing party in allowing the testimony or evidence; and (4) the possibility of a continuance or extension to cure such prejudice. *Id.*

*The Explanation for the Failure to Disclose*

Defendants maintain that Rapaport is a non-retained expert and is not required to provide an expert report (Dkt. #259 at p. 6). Defendants seem to rely on the fact that they do not have a compensation agreement with Rapaport for their assertion that he is a non-retained expert.

The Court believes Defendants did not provide additional reasoning for not including the required expert report because Defendants believed they did not have to. However, Defendants must still adhere to the required disclosures under Rule 26(a)(2)(B). The Court will grant an extension for Defendants to properly disclose Rapaport's expert report under Rule 26(a)(2)(B). *See Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 WL 11072132, at *3 (E.D. Tex. Oct. 19, 2015). The report must be limited to the subject matter outlined in Rapaport's article. Plaintiffs may depose Rapaport regarding the opinions included in the written report.

*Importance of the Testimony*

Defendants state that Rapaport will testify regarding matters in an article authored by him, including a description of "why using EGLI as a grading laboratory deceives consumers and misrepresents diamond quality." (Dkt. #259 at p. 2). Defendants state that Rapaport will opine on why "the use of third-party grading reports that overgrade diamonds should be discouraged with mandatory disclosure requirements to all buyers, including consumers." (Dkt. #259 at p. 2). Defendants state "[t]hese opinions directly rebut Diamond Doctor's contentions in the lawsuit." (Dkt. #259 at p. 2).

The Fifth Circuit has noted that the more important the witness, the more the factor weighs in favor of allowing late designation. *Broxterman*, 2015 WL 11072132, at *4 (E.D. Tex. Oct. 19, 2015). The Court finds that Rapaport's testimony will be important to Defendants, particularly to defend against Plaintiffs claim for Defamation, Tortious Interference with Prospective Business Relations, and Business Disparagement. An extension is appropriate for Defendants to disclose adequate written reports as required by Rule 26(a)(2)(B).

*Potential Prejudice to the Opposing Party*

The purpose of Rule 26(a)(2) is to provide an opposing party with fair notice of the content of the expert's testimony. Plaintiffs assert they will be prejudiced by the increased time and expense of preparing for unknown testimony from the improperly disclosed expert witness. Defendants allege that the content provided in the original report and in Rapaport's article gives Plaintiffs fair notice of the content of Rapaport's testimony.

In February 2017, Plaintiffs received notice that Defendants designated Rapaport as a non-retained expert and received the article setting forth the matters on which he is expected to testify. Rapaport's article describes in detail Rapaport's opinions regarding EGLI diamond grading.

Defendants assert that Rapaport's testimony will be limited to his opinions on diamond grading outlined in his article. Although this disclosure is not adequate under Rule 26(a)(2)(B), the Court does not believe Plaintiffs will suffer significant prejudice if Defendants are granted an extension to disclose a full expert report reflecting these previously disclosed opinions. Further, Plaintiffs are permitted to depose Rapaport regarding the opinions in the expert report.

*The Possibility of an Extension to Cure Such Prejudice*

An extension is the preferred means of dealing with a party's attempt to designate a witness out of time. *Campbell v. Keystone Aerial Surveys*, 138 F.3d 996, 1001 (5th Cir. 1998). "The goal of imposing the sanction of striking an expert witness is not to ameliorate prejudice, but rather to punish the offender and deter future dilatory conduct." *Broxterman*, 2015 WL 11072132, at *4.

Plaintiffs argue that the Court already extended the parties' expert deadlines and the deadline to designate and disclose rebuttal experts passed more than four months ago (Dkt. #246 at p. 9). Although these deadlines have passed, the Court finds that granting an extension to allow Defendants to produce Rapaport's full written report, limited to the subject matter outlined in his article, will clarify which matters in his article he will testify about and allow Plaintiffs to prepare rebuttal.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike the Expert Designation of Martin Rapaport (Dkt. #246) is hereby **DENIED**. It is further ordered that an extension is **GRANTED** to amend the disclosure for Defendants' expert designation of Martin Rapaport in accordance with Rule 26(a)(2)(B) within ten (10) days of this order. Plaintiffs may depose Rapaport regarding the opinions included in the written report.

**SIGNED this 10th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE