# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| DIAMOND CONSORTIUM, INC.; DAVID BLANK § § § | |
| | § Civil Action No. 4:16-CV-00094 |
| v. § | |
| | § Judge Mazzant |
| BRIAN MANOOKIAN; CUMMINGS § MANOOKIAN, PLC; BRIAN CUMMINGS § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion to Strike the Expert Designation of Brian Manookian (Dkt. #244) and Plaintiffs' Motion to Strike the Expert Designation of Brian Cummings (Dkt. #245). Having considered the pleadings, the Court finds the motions should be granted.

### BACKGROUND

On January 6, 2017, Defendants Brian Manookain ("Manookian"), Brian Cummings ("Cummings"), and Cummings Manookian, PLC (collectively, the "Manookian Defendants") served their Expert Disclosure in this case (Dkt. #244, Exhibit 1). In their Expert Disclosure, the Manookian Defendants designate Manookian and Cummings as expert witnesses who are expected to provide testimony pursuant to Federal Rules of Evidence 702, 703, or 705[1] (Dkt. #244, Exhibit 1 at p. 3). The Expert Disclosure states Brian Manookian and Brian Cummings are expected to provide testimony "relating to the economic damages suffered by Defendants as a result of

---

[1] The Expert Disclosure states that although the anticipated testimony "is not necessarily expert testimony, Defendants provide this designation in an abundance of caution." (Dkt. #244, Exhibit 1 at p. 3).

Plaintiffs' defamation/libel per se, business disparagement, and conspiracy." (Dkt. #244, Exhibit 1 at p. 3).

On February 3, 2017, the Manookian Defendants served their First Amended Expert Disclosure (the "Amended Disclosure") (Dkt. #244, Exhibit 2). The Amended Disclosure states Brian Manookian "is also expected to testify in rebuttal to the expert report of Robert James." (Dkt. #244, Exhibit 2 at p. 4). The Manookian Defendants stated "[a] general description of Mr. Manookian's anticipated rebuttal opinions can be found in paragraphs 7–29 of Defendants' Counterclaim" and in an article authored by Martin Rapaport ("Rapaport") (Dkt. #244, Exhibit 2 at p. 4).

On June 9, 2017, Plaintiffs filed their Motion to Strike the Expert Designation of Brian Manookian (Dkt. #244). On June 23, 2017, the Manookian Defendants filed a response (Dkt. #261). On June 30, 2017, Plaintiffs filed a reply (Dkt. #274).

On June 9, 2017, Plaintiffs filed their Motion to Strike the Expert Designation of Brian Cummings (Dkt. #245). On June 23, 2017, the Manookian Defendants filed a response (Dkt. #260). On June 30, 2017, Plaintiffs filed a reply (Dkt. #276).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that

2

characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91.

## ANALYSIS

*Expert Opinion Regarding Economic Damages*

Plaintiffs first argue that neither Manookian nor Cummings are qualified to offer expert testimony regarding Cummings Manookian, PLC's purported economic damages because they do not have any specialized knowledge in the area of economics or damage calculation (Dkt. #244 at p. 4); (Dkt. #245 at p. 5). The Court agrees.

Testimony that is "not based on any scientific, technical, or other specialized knowledge . . . is not expert testimony." *Boral v. Odyssey Pictures Corp.*, No. 4:14-CV-00044, 2015 WL 993241, at *3 (E.D. Tex. Mar. 4, 2015). "Where a witnesses' opinions are based upon personal knowledge and experience gained during employment, the witness will not be classified as an expert." *Perret v. Nationwide Mut. Ins. Co.*, No. 4:10-CV-522, 2013 WL 12099400, at *3 (E.D. Tex. July 19, 2013). "Rather, such witness is properly categorized as a lay witness." *Id.* The Fifth Circuit has held that "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Taylor Pipeline Const., Inc. v. Directional Rd. Boring, Inc*., 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) (citing *Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir.1999) (finding that a witness with a general mechanical engineering background was not qualified to offer expert testimony on a car accident)).

Manookian and Cummings are attorneys. Any testimony they may give regarding economic damages resulting from lost clients, case leads, advertising costs, and professional

liability coverage is based on their personal knowledge and experience gained during employment. While attorneys may testify as experts regarding the reasonableness and necessity of attorneys' fees incurred in a case, *see Kondos v. Allstate Texas Lloyds*, No. CIV.A. 1:03-CV-1440, 2005 WL 1004720, at *18 (E.D. Tex. Apr. 25, 2005), here, Manookian and Cummings do not seek to testify regarding the reasonableness of attorneys' fees in a particular case—they seek to testify regarding alleged loss in revenue to their business. Manookian and Cummings have not demonstrated that they have scientific, technical, or other specialized knowledge in the area of economics or lost business revenues. *See Seitz v. Envirotech Sys. Worldwide Inc.*, No. CIV. A. H-02-4782, 2008 WL 656513, at *5 (S.D. Tex. Mar. 6, 2008) (finding that an individual's experience as a financial underwriter did not qualify him to give testimony on lost profits from patent infringement or reasonable royalty rates for patent rights). Manookian and Cummings are more properly categorized as lay witnesses.

The Court therefore grants Plaintiffs motion to strike the expert designation of Manookian and Cummings as to the issue of damages, including lost revenues and increased professional liability coverage.

***Rebuttal Opinions or Expert Testimony Regarding the Jewelry Industry***

Plaintiffs next move to strike the expert designation of Manookian to testify in rebuttal to Plaintiff's expert, Robert James ("James"). Plaintiffs designated James, a certified gemologist, to testify about his experience in the jewelry and gemstone industry and about diamond grading standards (Dkt. #258, Exhibit A at p. 4).

Manookian is a lawyer, not a jeweler. Defendants argue that Manookian is "extremely familiar with diamond grading litigation and with the justifications proffered by jewelers and how to rebut those justifications." (Dkt. #261 at p. 9). This opinion is based on personal knowledge and experience gained during employment, not scientific, technical, or other specialized

4

knowledge. Plaintiffs' motion to strike Manookian's expert designation regarding the jewelry industry is therefore granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike the Expert Designation of Brian Manookian (Dkt. #244) and Plaintiffs' Motion to Strike the Expert Designation of Brian Cummings (Dkt. #245) are hereby **GRANTED**.

**SIGNED this 10th day of July, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE