IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE DIAMOND CONSORTIUM, LLC, D/B/A THE DIAMOND DOCTOR and DAVID BLANK | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:16-cv-94 |
| v. | § § | |
| BRIAN MANOOKIAN, BRIAN CUMMINGS, and CUMMINGS MANOOKIAN PLC | § § § § § | |
| Defendants. | § | |

## PROPOSED JOINT PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on August 11, 2017 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

### A. COUNSEL FOR THE PARTIES

Plaintiff(s): Bruce W. Steckler
Stuart Cochran
Stefani S. Eisenstat
L. Kirstine Rogers
Steckler Gresham Cochran
12720 Hillcrest Road – Suite 1045
Dallas, Texas 75230

Randy Johnston
Coyt Johnston
Johnston Tobey Baruch, P.C.
3308 Oak Grove Avenue
Dallas, TX 75204

Roger Sanders
Michael Young
Sanders O'Hanlon Motley Young & Gallardo, PLLC
111 S. Travis Street
Sherman, TX 75090

Braden M. Wayne
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219

Thomas W. Fee
Howard J. Klatsky
Fee Smith Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

Defendant(s): For Brian Manookian, Brian Cummings and Cummings Manookian, PLC:

Christopher J. Schwegmann
Andres Correa
Christina M. Carroll
Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

## B. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1694(a). The Court also has subject matter jurisdiction pursuant to 18 U.S.C. § 1332 because the parties are completely diverse and the amount controversy exceeds $75,000. Jurisdiction is not disputed.

## C. NATURE OF ACTION

This is a case brought by Plaintiffs David Blank and the Diamond Doctor under the Racketeer Influenced Corrupt Organizations Act or "RICO", 18 U.S.C. 1962(c), alleging a civil conspiracy and extortion scheme by Defendants. As part of the extortion conspiracy, Plaintiffs allege that Defendants engaged in a pattern and practice of business disparagement, tortious interference with prospective business relations, breach of fiduciary duty, fraud, barratry, misappropriation of name and likeness, and defamation and libel to force jewelers to hire their law firm to stop this harassment. In addition to monetary and punitive damages, Plaintiffs seek permanent injunctive relief and an award of attorney's fees.

Defendants Brian Manookian, Brian Cummings and their law firm Cummings Manookian PLC sue Plaintiffs Diamond Doctor and David Blank for defamation and disparagement, alleging that Diamond Doctor and Blank maliciously published online false and disparaging accusations against Defendants.

## D.  CONTENTIONS OF THE PARTIES

Plaintiffs owned and operated the Diamond Doctor in Dallas, Texas for 21 years. During that time, Plaintiffs had never been sued nor filed a lawsuit. Plaintiffs contend that Defendants began a negative ad campaign against Plaintiffs and seven (7) other diamond retailers throughout the United States alleging that they were selling "overgraded" diamonds, had "cheated" customers, committed "fraud" or were "scamming" customers. Defendants' claims were based on the sale of diamonds that were graded by the European Gemological Laboratory in Israel (EGL-I). Plaintiffs do not grade EGL-I diamonds. Plaintiffs contend that Defendants' ad campaigns were not true. Plaintiffs contend that Defendants made their allegations of overgrading, not to represent consumers, but to force diamond retailers to hire Defendants for excessive fees and that, in exchange for those fees, Defendants would stop their negative ads.

Plaintiffs contend that they attempted to stop the negative ads and even contemplated hiring Defendants. After Plaintiffs decided not to hire Defendants, Defendants escalated their negative ad campaign, including more websites, YouTube videos, Facebook posts, a Dallas Morning News ad, door hangers, billboards, and even protesters. Plaintiffs contend that the ads became more vicious posting David Blank's picture with the stamp "Fraud" on it, claiming that he "bribed" lawyers, and asserting that he had committed "heinous crimes." In addition, Defendants even called Plaintiffs' family members claiming they were witnesses in a lawsuit. Plaintiffs also contend that Defendants created a non-profit organization with the following websites: www.DDvictimfund.com; www.DDtaxfraud.com, and www.suedavidblank.com. On these websites, Defendants posted customer names and purchase prices, and claimed that customers may be eligible for compensation from a "victim fund." The websites also alleged that Plaintiffs and their customers had committed tax fraud and that Plaintiffs were under criminal investigation. Plaintiffs contend that none of these allegations by Defendants were true. Defendants have not represented any consumers against Plaintiffs.

Plaintiffs contend that Defendants' conduct has damaged their reputation and business and caused distress. Plaintiffs implore that this Court stop Defendants' conduct and that Plaintiffs' name be restored. Defendants Brian Manookian, Brian Cummings, and Cummings Manookian PLC deny Plaintiffs' claims and allegations.

Defendants, who are two lawyers and their law firm, contend that they uncovered a massive fraud being perpetrated by Diamond Doctor and David Blank. Mr. Manookian believes that he was the first lawyer to sue a jeweler, back in 2012, for using a diamond grading laboratory that misrepresented the quality of the diamond sold. After extensive investigation, Defendants contend they discovered evidence that Diamond Doctor and David Blank sold hundreds of diamonds with grading certificates that overstated the quality of the diamonds, thereby misleading the customers who purchased these diamonds. Defendants began posting advertisements in which they offered to represent victims of the Diamond Doctor and its owner, David Blank, in court. Nine people who purchased a diamond from Diamond Doctor have sued the Diamond Doctor as well, and each of them alleges that Diamond Doctor defrauded them by selling them an overgraded diamond. In response, Diamond Doctor and Blank began a publicity campaign to attack and discredit Defendants, calling them criminals and extortionists. Defendants contend that Diamond Doctor and Blank falsely and maliciously accused Defendants of crimes and extortion, and that Diamond Doctor and Blank created a fake contract between Diamond Doctor and Mr. Manookian to mislead

the public into believing there was an extortion agreement. Defendants contend that Diamond Doctor and Blank's attack campaign has caused damage to Defendants.

As to Defendants' counterclaims, The Diamond Doctor and Blank deny them in their entirety and contend that they have not disparaged or defamed Manookian and Cummings Manookian in any way given the truth or substantial truth of all statements made.

### E. STIPULATIONS AND UNCONTESTED FACTS

(1) Plaintiffs entered into an Asset Purchase Agreement with Diamonds Direct on or about November 1, 2016.

(2) Plaintiffs' Grading Disclosure[1] did not appear on any invoices, appraisals, point of sale, and repair receipts for transactions before May 25, 2016.

(3) There are a number of laboratories in the United States and throughout the world that grade diamonds.

(4) EGL-USA and EGL International (also known as EGL Israel) ("EGL-I") (EGL USA and EGL-I together, "EGL") are laboratories that graded diamonds.

(5) The Gemological Institute of America ("GIA") is a laboratory that grades diamonds.

(6) EGL ceased operations in December 2014.

(7) Diamond Doctor sold diamonds graded by EGL.

(8) Diamond Doctor sold diamonds graded by GIA.

### F. CONTESTED ISSUES OF FACT AND LAW

(1) Whether Defendants extorted or attempted to extort any jeweler, including Diamond Doctor.

(2) Whether Defendants engaged in a "smear campaign" against any jeweler, included Diamond Doctor.

(3) Whether Defendants violated the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).

(4) Whether Defendants engaged in barratry.

---

[1] The term "Grading Disclosure" refers to the following text: "A diamond certificate, also called a diamond grading report is a report created by an independent laboratory stating the quality of a diamond according to their grading standards. The standards of grading vary between laboratories."

(5)   Whether Defendants engaged in business disparagement.

(6)   Whether Defendants engaged in tortious interference with prospective business relations.

(7)   Whether Defendants engaged in defamation.

(8)   Whether Defendants engaged in a civil conspiracy.

(9)   Whether Defendants committed libel.

(10)  Whether Defendants owed or breached any fiduciary duty to Diamond Doctor or David Blank.

(11)  Whether Defendants engaged in any of the alleged "predicate acts."

(12)  Whether any of the alleged "predicate acts" can properly constitute predicate acts in support of a RICO claim.

(13)  Whether Defendants engaged in fraud.

(14)  Whether Defendants have appropriated the name and likeness of Plaintiffs without authorization.

(15)  Whether Plaintiffs have standing to bring a barratry claim.

(16)  Whether Defendants should be permanently enjoined from taking certain actions, including maintaining for publication any websites or social media regarding Plaintiffs, making statements about Plaintiffs in websites, advertisements and other publications, and appropriating Plaintiffs' name and likeness without authorization.

(17)  Whether Plaintiffs suffered any damage as a result of Defendants' alleged conduct.

(18)  Whether Defendants published any false content about Plaintiffs.

(19)  Whether any of the content Plaintiffs have published about Defendants is true.

(20)  Whether Plaintiffs engaged in business disparagement.

(21)  Whether Plaintiffs engaged in defamation.

(22)  Whether Plaintiffs committed libel per se.

(23)  Whether Plaintiffs engaged in a conspiracy to commit libel per se or defamation.

(24)  Whether Plaintiffs published any false content about Defendants.

(25)  Whether Defendants have suffered any damage as a result of Plaintiffs' alleged

conduct.

(26) Whether Plaintiffs are entitled to an award of attorney's fees.

(27) Whether Plaintiffs' injuries were the result of Defendants' malice, actual fraud, or gross negligence.

(28) Whether Plaintiffs are entitled to exemplary damages.

**G. LIST OF WITNESSES**

Plaintiffs' Witness List is attached. Plaintiffs reserve the right to supplement this list given the ongoing discovery in this suit.

Defendants' Witness List is attached. Defendants reserve the right to supplement this list given the ongoing discovery in this suit.

**H. LIST OF EXHIBITS**

Plaintiffs' Exhibit List is attached. Plaintiffs reserve the right to supplement this list given the ongoing discovery in this suit.

Defendants' Exhibit List is attached. Defendants reserve the right to supplement this list given the ongoing discovery in this suit.

**I. LIST OF ANY PENDING MOTIONS**

(1) Pending motions in underlying suit

(a) Defendants' Motion for Protection and Motion to Quash Third-Party Subpoenas to Banks (Dkt. #185)

(b) Defendants Brian Manookian, Brian Cummings, and Cummings Manookian, PLC's Motion to Strike Expert Testimony (Dkt. #242);

(c) Plaintiffs' Emergency Motion to Show Cause (Dkt. #269)[2]

(2) Pending motions filed by Defendants in other miscellaneous cases:

(a) Defendants' Objections to Magistrate's Order Denying Defendants' Motion to Compel Third Party Production of Documents From the Dallas Morning News, Inc., pending in the Eastern District of Texas, Sherman Division, Case 4:17-mc-00013-ALM, Doc. 17

---

[2] Although this motion is currently pending, it has been referred to U.S. Magistrate Judge Kimberly C. Priest Johnson and is set for hearing (*see* Dkts. ## 288 and 289).

(b) Motion to Compel Production of Documents Concerning Sunwest Communications, Inc., Andrew Stern, and Frederick Stern, filed April 7, 2017, pending in the Northern District of Texas, Dallas Division, Case 3:17-mc-00022-D

(c) Motion to Compel Third Party Production of Documents from Keith LeClerc and K.M.A. Sunbelt Trading Co. d/b/a International Diamond Center, filed in the United States District Court for the Middle District of Florida (Case No. 8:17-mc-55-30AAS), and transferred to the Eastern District of Texas on June 13, 2017.

(d) Motion to Compel Third Party Production of Documents From Ronald Mervis and Mervis Diamond Corporation and Motion to Transfer, filed May 11, 2017 in the United States District Court for the District of Columbia, Case 1:17-mc-01172.

## J. PROBABLE LENGTH OF TRIAL

The probable length of trial is 8 days.

## K. MANAGEMENT CONFERENCE LIMITATIONS

The parties are unaware of any court-ordered limitations on trial presentations, and have not agreed upon any such limitations.

## L. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

(a) is in existence;

(b) is numbered; and

(c) has been disclosed and shown, or will be disclosed and shown as agreed by the parties, to opposing counsel.

(4) The demonstrative exhibits which either party may present at trial have not been presented to opposing counsel for review, comment, or objection.

Approved as to form and substance:

Attorneys for Plaintiff(s):    */s/ Bruce W. Steckler*_____
Bruce W. Steckler
Stuart Cochran
Stefani S. Eisenstat
L. Kirstine Rogers
Steckler Gresham Cochran
12720 Hillcrest Road – Suite 1045
Dallas, Texas 75230

Randy Johnston
Coyt Johnston
Johnston Tobey Baruch, P.C.
3308 Oak Grove Avenue
Dallas, TX 75204

Roger Sanders
Michael Young
Sanders O'Hanlon Motley Young & Gallardo, PLLC
111 S. Travis Street
Sherman, TX 75090

Braden M. Wayne
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219

Thomas W. Fee
Howard J. Klatsky
Fee Smith Sharp & Vitullo, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240


Attorneys for Defendant(s):    */s/ Andres Correa*_____
Christopher J. Schwegmann
Andres Correa
Christina M. Carroll
Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

Attorneys for Brian Manookian, Brian Cummings and
Cummings Manookian, PLC

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2017.

                                                                _____
                                                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 12, 2017, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ Bruce W. Steckler*
Bruce W. Steckler