# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 17-40609

_____

D.C. Docket No. 4:16-CV-94

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2018

Lyle W. Cayce
Clerk

DIAMOND CONSORTIUM, INCORPORATED, doing business as Diamond Doctor; DAVID BLANK,

    Plaintiffs - Appellees

v.

MARK HAMMERVOLD; HAMMERVOLD, P.L.C.,

    Defendants - Appellants

Appeal from the United States District Court for the
Eastern District of Texas

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that defendants-appellants pay to plaintiffs-appellees the costs on appeal to be taxed by the Clerk of this Court.

**Certified as a true copy and issued
as the mandate on Aug 08, 2018**

Attest:  *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 14, 2018
Lyle W. Cayce
Clerk

No. 17-40609

DIAMOND CONSORTIUM, INCORPORATED, doing business as Diamond Doctor; DAVID BLANK,

    Plaintiffs - Appellees

v.

MARK HAMMERVOLD; HAMMERVOLD, P.L.C.,

    Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-94

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Mark Hammervold filed an interlocutory appeal, requesting that this court reverse the district court's denial of his motion to represent himself and his firm, Hammervold PLC. Also implicit in the appeal is whether the district court erred in denying defense counsel's motion to withdraw. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40609

## Facts & Proceedings

In the dispute underlying this appeal, diamond wholesaler, Diamond Consortium, Inc. ("Diamond Doctor"), claimed that Mark Hammervold and his law firm, Hammervold PLC, conspired with attorneys Brian Manookian and Brian Cummings to tarnish its reputation and to force it to enter settlement agreements in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Texas civil conspiracy common law. As part of that litigation, Diamond Doctor sought and obtained a protective order designating certain discovery materials "Attorneys' Eyes Only" due to concerns that Hammervold and Manookian would publicize customer information.

On May 2, 2017, Manookian and Cummings filed an application to appear pro hac vice before the district court. On May 9, 2017, Manookian and Cummings then requested that the district court modify the protective order and remove the "Attorneys' Eyes Only" designation because the Attorney Defendants appeared as counsel in the case and were entitled to fully participate in their own defense. Diamond Doctor objected. Hammervold, Hammervold PLC, and Hammervold's defense counsel, Varant Yegparian, then filed a motion seeking permission for Yegparian to withdraw as counsel and for Hammervold to take over as counsel for himself and Hammervold PLC.

The motion argued that there was good cause for Yegparian to withdraw because "Hammervold has instructed Counsel that there are not sufficient resources to pay Counsel's fee through trial." Hammervold contended that nearly all of his professional liability insurance policy was exhausted, so continued representation by Yegparian would strain both Yegparian's and Hammervold's resources. The district court denied the motion to withdraw, reasoning that Yegparian had failed to show good cause for withdrawal because he failed to produce evidence that Hammervold's insurance proceeds were depleted or to show Hammervold's individual inability to pay. The district

2

Case: 17-40609      Document: 00514591098      Page: 3      Date Filed: 08/08/2018
Case 4:16-cv-00094-ALM   Document 364   Filed 08/08/18   Page 4 of 7 PageID #: 9198

No. 17-40609

court also explained that Yegparian failed to demonstrate that withdrawal would not prejudice other parties or the administration of justice, especially with respect to the information covered by the protective order.

The district court also denied Hammervold's request to appear on behalf of Hammervold PLC, citing case law denying a similar request due to the advocate-witness rule. Finally, the court acknowledged that Hammervold timely sought to appear pro se, but it denied the request because allowing him to represent himself would result in "hybrid representation."

## Standard of Review

The motion to withdraw as counsel "is a 'matter entrusted to the sound discretion of the [district] court and will be overturned on appeal only for an abuse of that discretion.'" *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (quoting *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987)). The court reviews the district court's application of the advocate-witness rule to disqualify Hammervold from representing Hammervold PLC de novo. *See Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001). Because the right to proceed pro se is a statutory right, and because the court reviews a district court's interpretation of a statute de novo, we review its denial of Hammervold's motion to proceed pro se de novo. *T.B. ex rel. Debbra B. v. Bryan Indep. Sch. Dist.*, 628 F.3d 240, 243 (5th Cir. 2010).

## Discussion

### 1.

The district court denied Hammervold's motion to represent his law firm, Hammervold PLC. It determined that Hammervold would supply nearly all of the critical testimony for the case and found that he would be a necessary witness. To allow Hammervold to play the roles of corporate counsel, pro se party, and witness would create a substantial risk of jury confusion. *See* Tex.

3

Case: 17-40609   Document: 00514591098   Page: 4   Date Filed: 08/08/2018
Case 4:16-cv-00094-ALM Document 364 Filed 08/08/18 Page 5 of 7 PageID #: 9199

No. 17-40609

Disciplinary Rules Prof'l Conduct R. 3.08 cmt. 4.[1] In denying Hammervold's corporate representation request, the district court's decision ensured that the bulk of the testimonial evidence was not tainted by Hammervold's multi-faceted participation in the case. Insofar as the district court suspected—as seemingly apparent from the proceedings and the parties' behavior—that the substitution of counsel was an attempted end-run around the protective order, disqualifying Hammervold was an appropriate measure to preserve the integrity of the proceedings and to uphold order. *See McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1263 (5th Cir. 1983). We affirm the district court's determination that the ethical concerns outweighed the corporation's right to counsel and therefore it did not err in holding that Hammervold PLC must be represented by a licensed attorney other than Hammervold.

2.

The district court similarly denied Hammervold's request to proceed pro se. Hammervold immediately sought to proceed pro se in response to the motion for a protective order modification. This was likely a tactical move to gain access to sensitive information Diamond Doctor sought to protect from Hammervold in particular. That Diamond Doctor had to file the underlying lawsuit to protect its business interest and stop Hammervold's exploitation of

---

[1] Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct—adopted by the Eastern District of Texas as an ethics guide, *see* Local Rule AT-2, provides:

> A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client[.]

One of the comments to this Rule explains that this is particularly important when "the lawyer's testimony concerns a controversial or contested matter" because "combining the roles of advocate and witness can unfairly prejudice the opposing party." Tex. Disciplinary Rules Prof'l Conduct R. 3.08 cmt. 4.

Case: 17-40609 Document: 00514591098 Page: 5 Date Filed: 08/08/2018
Case 4:16-cv-00094-ALM Document 364 Filed 08/08/18 Page 6 of 7 PageID #: 9200

No. 17-40609

its client base is evidence enough of Hammervold's motive to gain access to the sensitive documents. Hammervold's attempt to make himself counsel of record is forbidden "obstructionist misconduct." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). As such, the district court did not err when it denied Hammervold's motion to proceed pro se.[2]

*3.*

Finally, we address the district court's denial of counsel's motion to withdraw. "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d at 646. Under the Texas Disciplinary Rules of Professional Conduct, good cause may exist if, among other factors, withdrawal will not adversely affect the client, the client fails to pay the lawyer's fee, or continued representation will result in financial hardship to the lawyer. *See* Tex. Disciplinary Rule Prof'l Conduct R. 1.15(b).

Hammervold's motion failed to include any evidence regarding the amount remaining on Hammervold's insurance policy or other ability to pay for representation. The motion acknowledged that Yegparian bears the burden of showing good cause, but it did not state that Hammervold had discharged Yegparian. The motion similarly failed to address the prejudice to Diamond Doctor and the effects on the administration of justice that would likely result by the substitution of Hammervold as counsel. *See McCuin*, 714 F.2d at 1263. The district court appropriately weighed the prejudicial effects of Hammervold taking over as counsel in denying the motion.

---

[2] The district court also discussed that Hammervold's pro se representation would lead to prohibited "hybrid representation." The court refrains from adopting the district court's determination that Hammervold PLC is legally indistinguishable from Hammervold as an individual defendant. Instead, the court reiterates the long-accepted principle that a corporation is separate from its shareholders, even where the corporation has a sole shareholder.

5

No. 17-40609

\* \* \*

AFFIRMED.

6